1  E. MARTIN ESTRADA
   United States Attorney
2  ANNAMARTINE SALICK
   Assistant United States Attorney
3  Chief, National Security Division
   ANDREW M. ROACH (Cal. Bar No. 293375)
4  Assistant United States Attorney
   Cyber & Intellectual Property Crimes Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0306
7       Facsimile: (213) 894-2927
        E-mail:    andrew.roach@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                    UNITED STATES DISTRICT COURT

11                FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  | UNITED STATES OF AMERICA, | NO. 8:23-mj-00164-DUTY |
13  |      Plaintiff,           | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
14  |           v.              |  |
15  | ANASTASSIA KREZOUB,       |  |
16  |      Defendant.           |  |

17

18     Plaintiff, United States of America, by and through its counsel
19  of record, hereby requests detention of defendant and gives notice of
20  the following material factors:
21  ☐  1.  Temporary 10-day Detention Requested (§ 3142(d)) on the
22         following grounds:
23     ☐  a.  present offense committed while defendant was on release
24             pending (felony trial),
25     ☐  b.  defendant is an alien not lawfully admitted for
26             permanent residence; and
27
28

|   |   |   |   |
|---|---|---|---|
| | ☐ | c. | defendant may flee; or |
| | ☐ | d. | pose a danger to another or the community. |
| ☒ | 2. | | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| | ☒ | a. | the appearance of the defendant as required; |
| | ☒ | b. | safety of any other person and the community. |
| ☐ | 3. | | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| | ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| | ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ☐ | 4. | | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| | ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| | ☐ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |

        2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐ d. defendant currently charged with an offense described in paragraph 5a - 5e below, <u>AND</u> defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), <u>AND</u> that previous offense was committed while defendant was on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒ 5. Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐ b. an offense for which maximum sentence is life imprisonment or death;

☐ c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐ d. any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c

3

|   |   |   |   |
|---|---|---|---|
|   | ☐ | e. | if federal jurisdiction were present, or a combination or such offenses; |
|   | ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
|   | ☒ | f. | serious risk defendant will flee; |
|   | ☒ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| ☐ | 6. |   | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//
//

4

☐  7.  Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: March 20, 2023                Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, National Security Division

*/s/ signature*

ANDREW M. ROACH
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA